IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SONYA L. BAMBERG,

    Plaintiff,

v.

JIMMY BOATWRIGHT; RICHARD
DEAS; GREGORY RAINEY, JR.;
BOBBY CLARK; and Officer DEXTER,

    Defendants.

CIVIL ACTION NO.: CV211-156

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Lee Arrendale State Prison in Alto, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of her confinement while she was housed at the Jeff Davis County Jail in Hazelhurst, Georgia, and at the Wayne County Jail in Jesup, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff chronicles in her 100-plus page Complaint events which allegedly occurred between January 19, 2008, and June 29, 2009. The majority of the events Plaintiff discusses concerns Plaintiff's contention that Defendants were deliberately indifferent to her serious medical needs, in violation of her rights as a pre-trial detainee.

Constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does

AO 72A
(Rev. 8/82)

not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for [her] rights." Id.

The facts supporting Plaintiff's cause of action occurred no later than June 29, 2009, and thus, Plaintiff would have had to file a cause of action in federal court on or before June 29, 2011, for her Complaint to be considered timely filed. Plaintiff did not file her cause of action until September 23, 2011, which was outside the applicable statute of limitations period.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)